UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RANDOLPH WILLIAMS, III** | * | No. 19-12841 c/w 19-14234<br>*pertains to 19-12841* |
| | * | SECTION "T" (3) |
| **VERSUS** | | |
| | * | JUDGE GUIDRY |
| **ALEJANDRO MAYORKAS, SECRETARY, DEPARTMENT OF HOMELAND SECURITY** | * | MAGISTRATE DOUGLAS |

\* \* \*

**MEMORANDUM IN SUPPORT OF**
**MOTION TO RECONSIDER**

**MAY IT PLEASE THE COURT:**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, defendant Alejandro Mayorkas, Secretary, Department of Homeland Security, respectfully moves this Honorable Court to reconsider its Order denying Defendant's Motion for Summary Judgment. Rec. Doc. 94, Order.

Defendant's motion for summary judgment made three alternative arguments as to why Plaintiff Randolph William's suit should be dismissed. Rec. Doc. 61, Motion for Summary Judgment. The Court's Order addressed only the first argument, namely, the timeliness of the Plaintiff's administrative claim. The Court did not address whether Plaintiff established a prima facie case or whether Plaintiff established pretext. Rec. Doc. 94, Order. Accordingly, Defendant seeks a reconsideration of its motion for summary, specifically the two arguments not addressed in the Court's Order. Defendant is not seeking reconsideration of the timeliness of Plaintiff's administrative complaint.

**I.      Statement of the proceedings**

Plaintiff, Randolph Williams, a federal employee of the Department of Homeland Security, United States Border Patrol files this action under Title VII alleging that he was not selected for promotion to Division Chief because of his race.   Rec. Doc. 1, Complaint, 19-cv-12841.

On December 8, 2020, Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's suit urging three alternative theories:   (1) untimely contact with an EEO counselor; (2) failure to make a prima facie case of racial discrimination; and/or (3) failure to establish pretext.   Rec. Doc. 61-1, Memorandum in Support of Motion for Summary Judgment.

Plaintiff opposed the motion.   Rec. Doc. 75, Opposition Memorandum.

On September 29, 2020, the Court denied Defendant's motion for summary judgment finding that Plaintiff timely complied with the EEO administrative procedures before filing the instant suit.   Rec. Doc. 94.   The Order did not address Defendant's second or third argument.   *Id*.

**II.     The law of reconsideration**

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000); *see also Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).   A Rule 59(e) motion calls into question the correctness of a judgment.   *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).   And a Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact.   *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

2

**III.     The Court should consider Defendant's second and third argument for dismissal**

Defendant respectfully requests that the Court consider the second and third arguments urged in his motion for summary judgment, namely:   (2) that Plaintiff failed to make a prima facie case of racial discrimination; and/or (3) that Plaintiff failed to establish pretext.   Rec. Doc. 61-1, Memorandum in Support of Motion for Summary Judgment, pp. 14-18.

                Respectfully submitted,

                **DUANE A. EVANS**
                **UNITED STATES ATTORNEY**

                  */s/   Sandra Ema Gutierrez*
                SANDRA EMA GUTIERREZ
                Assistant United States Attorney
                LA Bar Roll #17888
                650 Poydras Street, Suite 1600
                New Orleans, Louisiana 70130
                Telephone: (504) 680-3124
                sandra.gutierrez@usdoj.gov